UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

PAZ E. GARVEY,                                    Case No. 08-CV-0147 (PJS/RLE)

                    Plaintiff,

v.                                               ORDER GRANTING PLAINTIFF'S
                                                     MOTION TO REMAND
THE PRUDENTIAL INSURANCE
COMPANY OF AMERICA,

                    Defendant.

James T. Hansing, HANSING LAW OFFICE; and D. Randall Blohm, ATTORNEY, for
plaintiff.

Edna S. Bailey, WILSON ELSER MOSKOWITZ EDELMAN & DICKER, L.L.P.; and
Patrick H. O'Neill, Jr., O'NEILL & MURPHY, L.L.P., for defendant.

Plaintiff Paz Garvey brought this action in Minnesota state court seeking to recover

disability benefits under an insurance policy issued by defendant The Prudential Insurance

Company of America ("Prudential").  Prudential removed this action to federal court.  This

matter is before the Court on Garvey's motion to remand pursuant to 28 U.S.C. § 1447(c).  For

the reasons set forth below, Garvey's motion is granted.

*A.  Background*

According to the allegations in Garvey's complaint, Prudential paid Garvey $3,000 per

month in disability income benefits from July 2000 to April 30, 2007 under a disability insurance

policy.  Compl. ¶ 8.  In late April 2007, however, Prudential notified Garvey that it no longer

considered her to be "totally disabled" within the meaning of the policy.  Hansing Decl. Ex. 2.

On the basis of that determination, Prudential refused to pay Garvey further disability benefits.

Compl. ¶ 9.  Garvey initiated this breach-of-contract action in November 2007 seeking all unpaid

benefits, accrued interest on the unpaid benefits, a declaration that she is totally disabled and entitled to benefits, and costs and disbursements.  Compl. at 3.

Several weeks after Garvey served the summons and complaint, Prudential contacted Garvey's counsel to ask for a settlement proposal.  Hansing Decl. ¶ 7.  Prudential emphasized that it was not interested in a settlement proposal relating only to the past-due benefits sought in this lawsuit.  Instead, Prudential said, it wanted a "policy buyout" proposal that assumed continuing disability and normal life expectancy.  Hansing Decl. ¶ 7 & Ex. 4.  Garvey responded with a policy-buyout proposal of $587,865.  Hansing Decl. Ex. 4.  Garvey calculated this figure by assuming a life expectancy of twenty-seven years and then discounting the resulting figure to present value.  Hansing Decl. Ex. 4.  The parties did not engage in any other type of settlement negotiations.  Hansing Decl. ¶¶ 7-8.

### B.  Discussion

Prudential removed this action pursuant to 28 U.S.C. § 1441(a), which permits the removal of "any civil action brought in a State court of which the district courts of the United States have original jurisdiction . . . ."  Prudential alleges that this Court has original jurisdiction over this action on the basis of diversity.  *See* 28 U.S.C. § 1332(a).

Garvey argues that remand to state court is proper for three reasons:  (1) Prudential's notice of removal was untimely; (2) Prudential's reliance on the "other paper" doctrine of 28 U.S.C. § 1446(b) is without merit; and (3) the amount in controversy does not exceed $75,000, as is required for the Court to exercise diversity jurisdiction.  The Court agrees with Garvey that

the amount-in-controversy requirement is not met in this case, and thus the Court need not reach Garvey's other arguments.[1]

When a complaint does not mention the amount in controversy, or alleges an amount that is less than the jurisdictional minimum, the removing party bears the burden of proving, by a preponderance of the evidence, that the amount in controversy in fact satisfies the jurisdictional minimum. *In re Minn. Mut. Life Ins. Co. Sales Practices Litig.*, 346 F.3d 830, 834 (8th Cir. 2003). The amount in controversy is measured as of the date of removal. *James Neff Kramper Family Farm P'ship v. IBP, Inc.*, 393 F.3d 828, 833-34 (8th Cir. 2005).

As noted, Garvey seeks past-due disability benefits of $3,000 per month. As of the date of removal, the amount of past-due benefits was $24,000, an amount far less than the jurisdictional minimum.[2] Pointing to Garvey's $587,865 settlement proposal, Prudential argues that the jurisdictional minimum is nevertheless met in this case. The problem with Prudential's argument is that Garvey's proposal does not accurately reflect — or even provide much evidence of — the amount in controversy in this action.

This is a case for disability benefits. To be entitled to such benefits, Garvey must demonstrate that she is totally disabled within the meaning of the policy. If Garvey prevails, she

---

[1]Prudential spends most of its time arguing that Garvey's settlement proposal qualifies as an "other paper" under 28 U.S.C. § 1446(b). For purposes of this order, the Court assumes, but does not decide, that Garvey's proposal qualifies as an "other paper" that would trigger Prudential's right to remove. The Court also assumes, but does not decide, that Prudential's notice of removal was timely.

[2]For obvious reasons, Prudential does not argue that the other monetary relief Garvey seeks — namely, accrued interest, costs, and disbursements — would put Garvey's potential recovery anywhere near the jurisdictional threshold. The Court therefore ignores those potential recoveries for purposes of its analysis.

will be entitled to benefits for the time period during which she was totally disabled.  As of the date of removal, that amount would have been, at most, $24,000.

Prudential apparently believes that the Court should consider Prudential's possible liability for *future* benefits for the purpose of calculating the amount in controversy.  But it is legally impossible for the Court to award future disability benefits to Garvey in this breach-of-contract action.  Even if a judgment favorable to Garvey were entered in this case, Prudential could decide the very next day that Garvey had recovered from her disability (depression, anxiety, and irritable bowel syndrome) sufficiently to lose her entitlement to benefits.  The Court's previous determination that Garvey was disabled — even a declaratory judgment to that effect — would not preclude Prudential from finding, at some future time, that she is no longer disabled and is therefore no longer entitled to benefits.  For this reason, most courts confronting this issue — including the Eighth Circuit, in a long-ago case — have held that courts should not consider possible future disability benefits when determining the amount in controversy.  *See, e.g.*, *Colorado Life Co. v. Steele*, 95 F.2d 535, 537 (8th Cir. 1938); *Keck v. Fidelity & Cas. Co. of N.Y.*, 359 F.2d 840, 841 (7th Cir. 1966); *Russ v. Unum Life Ins. Co.*, 442 F. Supp. 2d 193, 197 (D.N.J. 2006); *see also* 14B Charles Alan Wright et al., *Federal Practice & Procedure* § 3710 at 260-62 (3d ed. 1998).

It is true that, when the *validity* of a disability policy is in dispute, courts will consider possible future benefits in determining the amount in controversy.  *See, e.g.*, *Mass. Cas. Ins. Co. v. Harmon*, 88 F.3d 415, 416 (6th Cir. 1996), *cited with approval in Minn. Mut. Life Ins. Co.*, 346 F.3d at 834-35.  Prudential tries to shoehorn this case into that exception by suggesting that Garvey's settlement proposal indicates that she might be seeking damages based on a

-4-

repudiation of the policy.  That contention is meritless.  There is no hint in the complaint, or in anything else submitted to the Court, that Garvey is challenging the validity of the policy. Moreover, the record before the Court clearly establishes that Garvey formulated her settlement proposal not to reflect what is at stake in this particular lawsuit, but instead to comply with Prudential's request for a complete policy buyout.  In other words, pursuant to Prudential's instructions, Garvey submitted a proposal that would have settled not only the parties' current dispute, but also any and all possible future disputes.  Those possible future disputes, however, have no bearing on the amount that is in controversy in *this* case.

Similarly, Garvey's settlement proposal is entirely unlike the settlement demands in the cases cited by Prudential.  *See, e.g.*, *Addo v. Globe Life & Accident Ins. Co.*, 230 F.3d 759 (5th Cir. 2000); *LaPree v. Prudential Fin.*, 385 F. Supp. 2d 839 (S.D. Iowa 2005).  In *Addo* and *LaPree*, the plaintiffs were suing for an indeterminate amount of damages, and the settlement demands were the first indication that the damages in those cases could exceed the jurisdictional minimum.  But Garvey's proposal did not, and could not, put more than $75,000 in controversy; as already explained, it was impossible for Garvey to recover more than $75,000 from Prudential at the time of removal.  The Court thus lacks jurisdiction, and Garvey's motion to remand is granted.

## ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1.      Plaintiff's motion to remand [Docket No. 3] is GRANTED.

2.      This matter is hereby REMANDED to the Minnesota District Court, Second

Judicial District.

Dated:  April 18, 2008                              s/Patrick J. Schiltz_____
                                                    Patrick J. Schiltz
                                                    United States District Judge